870 A.2d 410 (2005)
Edward W. WESS
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Bureau of Driver Licensing, Appellant.
Commonwealth Court of Pennsylvania.
Submitted February 18, 2005.
Decided March 15, 2005.
As Amended April 14, 2005.
*411 Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.
Jeffrey G. Velander, Stroudsburg, for appellee.
BEFORE: COLINS, President Judge, PELLEGRINI, Judge, and KELLEY, Senior Judge.
OPINION BY Judge PELLEGRINI.
The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDot) appeals from an order of the Court of Common Pleas of Monroe County (trial court) reversing its decision that suspended the driving privileges of Edward W. Weiss (Licensee) for one year.
The facts of this case are not in dispute. Licensee is domiciled in Monroe County, Pennsylvania and is a licensed driver in the Commonwealth of Pennsylvania. On December 20, 2003, Licensee was cited in New Jersey for operating a motor vehicle while driving under the influence of alcohol (DWI). On February 4, 2004, he was convicted by a court of competent jurisdiction in New Jersey for violating N.J.S.A. § 39:4-50(a) (relating to DWI). On February 7, 2004, the Division of Motor Vehicles of the State of New Jersey transmitted an electronic communication to PennDot notifying it of Licensee's conviction in accordance with the provisions of the Driver's License Compact.[1] He had no prior convictions for DUI in Pennsylvania *412 or any other state. On May 3, 2004 PennDot sent Licensee a notice indicating that his driving privileges had been suspended pursuant to 75 Pa.C.S. §§ 1532(b)[2] and 1581 for one year effective June 7, 2004, based on his New Jersey conviction that was similar to a violation of the now repealed 75 Pa.C.S. § 3731 (relating to driving under the influence of alcohol or controlled substance  DUI).
Licensee appealed his conviction to the trial court. After a de novo hearing, the trial court reversed PennDot's decision relying on the Pennsylvania Supreme Court's decision in Schrankel v. Commonwealth of Pennsylvania, Department of Transportation, 562 Pa. 337, 755 A.2d 690 (2000), and concluded that 1) the triggering event in determining the administrative penalties to be applied to Licensee was the date of his conviction; and 2) Licensee's conviction occurred at a time when there was no suspension mandated for a first offense DUI in Pennsylvania. This appeal by PennDot followed.[3]
PennDot contends that Schrankel is inapplicable because that case, which was decided in July of 2000, relied strictly upon the language of the Compact, while this case involves an interpretation of the "savings provisions" found in Act 2003-24 (Act 24) which amended the Vehicle Code and was enacted on September 30, 2003, becoming effective on February 1, 2004. PennDot then argues that the language in the amended Act imposes a one-year suspension of Licensee's operating privileges because his first offense occurred prior to February 1, 2004, even though his conviction occurred after that date. We agree.[4]
The provision of Act 24 which amended Section 3731 of the Vehicle Code is 75 Pa.C.S. § 3802(a)(1) which provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." Under the amended penalty provisions of Act 24, a first-time offender of a DUI offense is subject to the following penalties:
(i) a period of probation not to exceed six months;
(ii) a fine of $300;
(iii) attendance at an alcohol highway safety school approved by PennDot; and
(iv) compliance with all drug and alcohol treatment requirements imposed under sections 3814 (relating to drug and alcohol *413 assessments) and 3815 (relating to mandatory sentencing).
However, when enacting Act 24, the General Assembly also included "savings provisions" which it included in Section 21 relating to penalties which instructed when and whether pre-February 1, 2004, offenses would be subject to these reduced penalties. Under paragraphs (2) and (5), the following instructions were provided which are instructive in this case:
(2) The repeal of 18 Pa.C.S. § 7514 and 75 Pa.C.S. § 3731 shall not affect offenses committed prior to February 1, 2004, or civil and administrative penalties imposed as a result of those offenses.

* * *
(5) The following apply to offenses committed before February 1, 2004:
(i) Except as set forth in subparagraph (ii) or (iii), this act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.
(ii) Subparagraph (i) does not apply if a provision added or amended by this act specifies application to any offense committed before February 1, 2004, or to any criminal, civil or administrative penalty assessed as a result of that offense.
(iii) Subparagraph (i) does not apply to the following provisions:
(A) The amendment of 42 Pa.C.S. § 7003(5) in section 3 of this act.
(B) The amendment of 75 Pa.C.S. § 1516(c) and (d).
(C) The amendment of 75 Pa.C.S. § 1534(b).
(D) The amendment of 75 Pa.C.S. § 1547(d) in section 9.1 of this act.
(E) The amendment of 75 Pa.C.S. § 3731(a)(4)(k) and (a.l)(l)(i) in section 13 of this act. (Emphasis added.)
Essentially, these savings provisions instruct that if a DUI offense occurred prior to February 1, 2004, regardless of whether it was the offender's first time and regardless of whether it was in state or out of state, the reduced penalties are not applicable. Because the reduced penalties could not be applied to Licensee, PennDot was then required to impose penalties under Section 3804(e) of the Vehicle Code, 75 Pa.C.S. § 3804(e),[5] relating to a suspension of operating privileges, which was a one year suspension of Licensee's driving privileges.
Accordingly, the decision of the trial court is reversed and the one-year suspension of Licensee's driving privileges is reinstated.

ORDER
AND NOW, this 15th day of March, 2005, the order of the Court of Common Pleas of Monroe County, dated September 1, 2004, is reversed, and the one-year suspension *414 of Edward W. Wess' driving privileges is reinstated.
NOTES
[1] "The Driver License Compact is an agreement among most of the states to promote compliance with each party state's motor vehicle law. Pennsylvania became a party state to the Compact in 1996 by adopting Sections 1581-1858 of the Motor Vehicle Code. In order for PennDot to treat an out-of-state conviction as though it occurred in Pennsylvania, the out-of-state conviction must be from a state that has entered the Compact and enacted a statute to that effect. New Jersey is a party state. See Seibert v. Department of Transportation, Bureau of Driver Licensing, 715 A.2d 517 (Pa.Cmwlth.1998); N.J.S. §§ 39:5D-1-39:5D-14." Sloan v. Department of Transportation, Bureau of Driver Licensing, 822 A.2d 105, 107 n. 3 (Pa.Cmwlth.2003).
[2] 75 Pa.C.S. § 1532(b)(3) provides that PennDot shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 1581 (relating to Driver's License Compact) under Article III of Section 1581 of the Driver's License Compact of 1961, 75 Pa.C.S. § 1581, that the driver was convicted of an offense in another jurisdiction that was substantially similar to driving under the influence of alcohol in Pennsylvania.
[3] Because this appeal presents us solely with a question of law, our review is plenary. Deliman v. Department of Transportation, Bureau of Driver Licensing, 718 A.2d 388 (Pa.Cmwlth.1998).
[4] Schrankel is inapplicable because that case only addressed the Compact and Act 2003-24's enactment came approximately three and one-half years later. Therefore, while the Supreme Court in Schrankel held that the triggering date for the suspension provisions in the compact, due to a DUI committed in another state, was the date of the conviction for the DUI and that any such suspension was not an improper retroactive law, the Supreme Court's decision did not take into consideration the language of the amendments to the Vehicle Code that are at issue in this case.
[5] That section provides:

(1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:
(i) an offense under section 3802(DUI); or
(ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in section 1581 (relating to Driver's License Compact).
(2) Suspension under paragraph (1) shall be in accordance with the following:
(i) Except as provided for in subparagraph (iii) 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.