### Alexis TIRADO, Jr.

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 18, 2005.

Decided June 15, 2005.

Terrance M. Edwards, Asst. Counsel and Timothy P. Wile, Asst. Counsel In-Charge, Harrisburg, for appellant.

Paul M. Aaroe, II, Easton, for appellee.

BEFORE: COLINS, President Judge, PELLEGRINI, Judge, and KELLEY, Senior Judge.

OPINION BY Senior Judge KELLEY.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (PennDOT) appeals from an order of the Court of Common Pleas of Monroe County (trial court), which sustained the appeal of Alexis Tirado, Jr. (Licensee) and reversed PennDOT's order suspending his operating privilege. We reverse.

The facts are not in dispute. Licensee is domiciled in Monroe County, Pennsylvania and is a licensed driver in the Commonwealth of Pennsylvania. On January 23, 2004, Licensee was cited in the State of New Jersey for operating a motor vehicle while under the influence of alcohol (DUI). On March 18, 2004, Licensee was convicted of DUI by a court of competent jurisdiction in the State of New Jersey. On March 24, 2004, pursuant to the Driver's License Compact (Compact),[1] the Department of Motor Vehicles of the State of New Jersey transmitted an electronic communication to PennDOT notifying PennDOT of Licensee's conviction. Licensee has no prior convictions for driving under

---

1. "The Driver License Compact is an agreement among most of the states to promote compliance with each party state's motor vehicle law. Pennsylvania became a party state to the Compact in 1996 by adopting Sections 1581–1858 of the Motor Vehicle Code. In order for PennDot to treat an out-of-state conviction as though it occurred in Pennsylvania, the out-of-state conviction must be from a state that has entered the Compact and enacted a statute to that effect. New Jersey is a party state. *See Seibert v. Department of Transportation, Bureau of Driver Licensing*, 715 A.2d 517 (Pa.Cmwlth.1998); N.J.S. §§ 39:5D–1–39:5D–14." *Sloan v. Department of Transportation, Bureau of Driver Licensing*, 822 A.2d 105, 107 n. 3 (Pa.Cmwlth. 2003).

the influence of alcohol in Pennsylvania or any other state.

By official notice mailed May 19, 2004, PennDOT notified Licensee that his operating privilege was being suspended for one year, effective June 23, 2004, as a consequence of the New Jersey conviction.

> This is an **Official Notice of the Suspension** of your Driving Privilege as authorized by Section 1532B [of] the Pennsylvania Vehicle Code. As a result of your 3/18/2004 conviction in NEW JERSEY:
>
> > Your driving privilege is **SUSPENDED for a period of 1 YEAR(S) effective 06/23/2004 at 12:01 a.m.**
> >
> > Your driving record reflects a violation on 01/23/2004 that is similar to violating Section 3731 of the Pennsylvania Vehicle Code, DRIVING UNDER INFLUENCE.

Your conviction in NEW JERSEY is listed in Article IV of Section 1581 of the Pennsylvania Vehicle Code which mandates that PennDOT process specific out-of-state convictions as though they had occurred in Pennsylvania.

Certified Record (C.R.) at 7a.

From this notice, Licensee filed a statutory appeal, pursuant to Section 1550(a) of the Vehicle Code, 75 Pa.C.S. § 1550(a), with the trial court. A hearing before the trial court was held. At the hearing, Licensee argued that the suspension was improper because Section 3804(e)(2)(iii) of the Vehicle Code,[2] which became effective on February 1, 2004, *prior to his conviction on March 18, 2004,* states that there shall be no suspension for a first-time violation of Pennsylvania's DUI law.[3] PennDOT argued that Section 3804(e)(2)(iii) of the Vehicle Code does not apply because it became effective *after Licensee committed the DUI offense on January 23, 2004.*[4] Therefore, the question, as framed by the trial court, was whether the offense date or the conviction date controls PennDOT's imposition of a suspension under the provisions of the Compact, 75 Pa.C.S. § 1581.

Relying on *Schrankel v. Department of Transportation, Bureau of Driver Licensing,* 562 Pa. 337, 755 A.2d 690 (2000),[5] the trial court concluded that the

---

**2.** 75 Pa.C.S. § 3804(e)(2)(iii).

**3.** Act 24 of 2003 (Act 24), Act of September 30, 2003, P.L. 120, changed the DUI law in Pennsylvania as of February 1, 2004. Under Act 24, an individual may not drive a vehicle after imbibing a sufficient amount of alcohol (1) to render the individual incapable of safe driving or (2) to give the individual a blood alcohol concentration of at least 0.08% but less than 0.10% within two hours after the individual has driven a vehicle. Section 3802(a) of the Vehicle Code, 75 Pa.C.S. § 3802(a). An individual who commits either offense with no more than one prior offense commits an ungraded misdemeanor. Section 3803(a) of the Vehicle Code, 75 Pa.C.S. § 3803(a). "There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." Section 3804(e)(2)(iii) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(iii).

**4.** Both parties agreed that if Licensee's conviction had occurred prior to February 1, 2004, the mandatory one year suspension required by the prior DUI law would be proper. Both parties further agreed that if the citation for driving under the influence, as well as the conviction, had occurred subsequent to February 1, 2004, no suspension would be mandated because the Licensee has no prior offenses.

**5.** While the Supreme Court in *Schrankel* held that the triggering date for the suspension provisions in the Compact, due to a DUI committed in another state, was the date of the conviction for the DUI and that any such suspension was not an improper retroactive law, the Supreme Court's decision did not take into consideration the language of the amendments to the Vehicle Code that are at issue in this case. *Wess v. Department of Transportation, Bureau of Driver Licensing,* 870 A.2d 410 (Pa.Cmwlth.2005).

*conviction* date was controlling. The trial court determined that since Licensee's conviction, on March 18, 2004, occurred after Act 24's February 1, 2004 effective date, no suspension is authorized. By order dated October 21, 2004, the trial court reversed the PennDOT's suspension order. This appeal now follows.[6]

█ In this appeal, PennDOT raises the sole issue of whether the trial court committed reversible error when it refused to apply the savings provisions found in Act 24, and instead ruled that Licensee's conviction date alone controlled whether his operating privilege was subject to suspension under Section 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. § 1532(b)(3).

This issue was the subject of a recent decision of this Court, which decision is deemed to be controlling. In *Barnas v. Department of Transportation, Bureau of Driver Licensing*, 874 A.2d 169 (Pa. Cmwlth.2005), an *en banc* panel of this Court determined that the date of conduct controls and that the application of the savings provisions of Act 24[7] supports PennDOT's suspension of a licensee's operating privilege where, as here, the DUI offense occurred prior to February 1, 2004. To hold otherwise would result in different treatment for licensees who committed the same offense on the same day. *Barnas.*

Accordingly, the order of the trial court is reversed and the one-year suspension of Licensee's operating privilege is reinstated.

## ORDER

AND NOW, this 15th day of June, 2005, the order of the Court of Common Pleas of Monroe County, dated October 21, 2004, at No. 4151 CIVIL 2004, is reversed, and the one-year suspension of Alexis Tirado, Jr.'s operating privilege is reinstated.

Dissenting opinion by Judge PELLEGRINI.

## DISSENTING OPINION BY Judge PELLEGRINI.

Even though New Jersey does not automatically suspend a license for driving with a blood alcohol level of less than .10%,[1] the majority holds that when Pennsylvania licensees are convicted in that state of driving for such conduct, through the magic of the Driver's License Com-

---

6. Our scope of review in an operating privilege suspension case is confined to determining whether the trial court's findings are supported by competent evidence, whether errors of law have been committed, or whether the trial court's determinations demonstrate a manifest abuse of discretion. *Department of Transportation, Bureau of Driver Licensing v. Ingram*, 538 Pa. 236, 648 A.2d 285 (1994).

7. Section 21(5)(i) of Act 24 states, "Except as set forth in subparagraph (ii) or (iii), this act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense." The savings provisions instruct that if a DUI offense occurred prior to February 1, 2004, regardless of whether it was the offender's first time and regardless of whether it was in state or out of state, the reduced penalties are not applicable. *Wess.*

1. *See* N.J.S.A. § 39:4–50(a)(1), which provides that a person who operates a motor vehicle while under the influence of an intoxicating liquor with a blood alcohol level of 0.08% shall be subject to, if it is for the first offense, "a fine of not less than $250 nor more than $400 and a period of detainment of not less than 12 hours nor more than 48 hours spent during two consecutive days of not less than six hours each day and served as prescribed by the program requirements of the Intoxicated Driver Resource Centers established under subsection (f) of this section and, in the discretion of the court, a term of imprisonment of not more than 30 days and shall forthwith forfeit his right to operate a motor vehicle over the highways of this State for a period of three months."

pact[2], those Pennsylvania licensees are subject to a driver's license suspension, even though Pennsylvania has only recently made it an offense to drive with more than a .08% blood alcohol level and has not made such an offense subject to suspension. So, as a result of this transmogrification, when convicted of driving between a .08 and a .10% blood alcohol level, a New Jersey driver driving in New Jersey does not necessarily have his or her license suspended; a Pennsylvania driver driving in Pennsylvania never has his or her license suspended, but a Pennsylvania driver driving in New Jersey always has his or her Pennsylvania license suspended for one year if the offense occurred before February 1, 2004. Because this anomaly has been corrected by Act 24, I respectfully dissent.[3]

In this case, Alexis Tirado, Jr. (Licensee), a Pennsylvania resident, was charged on January 23, 2004, with driving under the influence of alcohol in the state of New Jersey and convicted of that charge on March 18, 2004. Pursuant to the Driver's License Compact, the state of New Jersey notified the Department of Transportation (PennDot) of his conviction, and PennDot notified Licensee that his operating privileges were being suspended for one year as a consequence of his conviction, even though it was his first offense.

Licensee appealed to the trial court arguing that Section 3804(e)(2)(iii) of the Vehicle Code, 75 Pa.C.S. § 3804(e)(2)(iii), which became effective on February 1, 2004, prior to his conviction, stated that there would be no suspension for a first-time violation of Pennsylvania's DUI law. PennDot argued that section did not apply because it became effective after Licensee had committed the DUI offense on January 23, 2004. The trial court concluded that the date of his conviction was controlling and because the conviction occurred after Act 24's effective date, no suspension was authorized. PennDot appealed that decision to this Court.

Reversing the trial court, the majority relies on this Court's decision in *Barnas* which holds that a Licensee's arrest date alone controls to determine that a suspension was authorized. It acknowledges the savings provisions of Section 21(5) of Act 24, but finds that none of the exceptions apply to change its decision. Even assuming that *Barnas* was correctly decided, if we apply the Supreme Court test enunciated in *Petrovick v. Dept of Transportation, Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999), on how to apply the Compact, the majority's imposition of a suspension is not warranted.

In *Petrovick*, our Supreme Court set forth the following test:

> Pursuant to Article IV(a)(2) of the Compact, when a party state reports a conviction for "driving a motor vehicle while under the influence of intoxicating liquor ... to a degree which renders the driver incapable of safely driving a motor vehicle," PennDOT must give the same effect to the out-of-state conviction that the licensee would receive if the conviction had occurred within Pennsylvania.
>
> Subsection (c) provides a method to evaluate offenses reported pursuant to subsection (a)(2). Where the laws of a party state do not provide for offenses

**2.** *See* 75 Pa.C.S. §§ 1581–1586.

**3.** I continue to dissent for the reasons set forth in *Barnas v. Department of Transportation, Bureau of Driver Licensing*, 874 A.2d 169 (Pa.Cmwlth.2005). While similar, my dissent in that case focused on whether the penalty provisions were retroactive, while the dissent here focuses on the application of the Driver's License Compact.

which are described in precisely the words contained in subsection (a)(2) (i.e., "to a degree which renders the driver incapable of safely driving a motor vehicle"), Article IV(c) authorizes the party state to construe the offense described in subsection (a)(2) as identifying offenses in the party state which are "of a substantially similar nature" to (a)(2). (Emphasis added.) (FN2.)

Thus, the Compact does not call for a direct comparison of Pennsylvania's statute to the out-of-state statute. Rather, the Compact requires a two-pronged test. First, we must evaluate whether there is a Pennsylvania offense which is "of a substantially similar nature" to the provisions of Article IV(a)(2). Second, we must evaluate whether there is a [New Jersey] Maryland or New York offense which is "of a substantially similar nature" to Article IV(a)(2). Both prongs must be satisfied before PennDOT can sanction a Pennsylvania citizen for an out-of-state conviction.

*Id.* at 619, 620, 741 A.2d at 1266–1267. Under the Compact then, the appropriate inquiry is whether each state's drunk driving provisions are of a substantially similar nature to Article IV(a)(2).

In *Hoenisch v. Department of Transportation, Bureau of Driver Licensing,* 567 Pa. 89, 785 A.2d 969, 971 (2001), our Supreme Court, addressing whether North Carolina's .08% blood-alcohol threshold for being considered driving while intoxicated was substantially similar when Pennsylvania had a .10% blood alcohol threshold, held that its "per se" drunk driving offense of driving with a .08% blood-alcohol level was sufficiently similar because the "per se" threshold merely represented a legislative decision that such level of intoxication constituted conclusive evidence of an appreciable impairment, and state laws needed only to be of a substantially similar nature.

Before Act 24 amended 75 Pa.C.S. §§ 3731(a)(4)(i) and (a.1)(1)(i) (related to drunk driving), no offense occurred or penalty was imposed if a licensee was driving in Pennsylvania with a blood-alcohol level of less than .10%. Act 24, however, amended Section 3731,[4] making it an offense to operate a motor vehicle with a blood alcohol level at 0.08% but less than 0.10%. Within an instant, Section 3731 was then replaced by 75 Pa.C.S. § 3802(a). At oral argument in *Barnas,* counsel for PennDot explained that Act 24 was enacted under federal duress that mandated a lower "per se" blood alcohol level or federal funds would be lost. Because federal officials would not allow there to be any deviation in penalties from the previous .10% "per

4. Amended Section 3731 provides the following:

§ 3731. **Driving under influence of alcohol or controlled substance.**
(a) **Offense defined.** A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:
(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving. * * *
(4) While the amount of alcohol by weight in the blood of:
(i) an adult is [0.10%] or *0.08%* or greater.

* * *
(a.1) Prima facie evidence.-
(1) It is prima facie evidence that:
(i) an adult had [0.10%] or *0.08%* or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than [0.10%] or *0.08%* at the time a chemical test is performed on a sample of the person's breath, blood or urine.

se" levels that involved suspension, it was necessary to retroactively lower the .10% "per se" level to a .08% "per se" violation so that it could provide no suspension for both a .08% blood-alcohol level and, for that matter, a .10% blood alcohol limit provided for in Act 24.

To accomplish making .08% retroactively the new "per se" offense, the General Assembly provided that 75 Pa.C.S. §§ 3731(a)(4)(i) and (a.1)(1)(i) remained applicable to all offenses committed prior to February 1, 2004. Sections 21(2) and (5)(iii) of Act 24 provides:

> Except as set forth in subparagraph (ii) or (iii), this act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.
>
> (ii) Subparagraph (i) does not apply if a provision added or amended by this act specifies application to an offense committed before February 1, 2004, or to any criminal, civil or administrative penalty assessed as a result of that offense.
>
> (iii) Subparagraph (i) does not apply to the following provisions:
>
> * * *
>
> **(E) The amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i) in section 13 of this act.** (Emphasis added.)

Under the test set forth in *Hoenisch* then, we no longer look at the penalty for a .10% blood-alcohol level that requires a one-year suspension because it is no longer substantially similar as it has been replaced by the "substantially identical" .08% in 75 Pa.C.S. § 3731(a)(4)(i) that was made retroactive to September 30, 2003, the date Act 24 was enacted. Simply put, because on that date there was no suspension authorized in Pennsylvania for driving with less than a .10% blood alcohol level in Pennsylvania, PennDot had no authority to suspend Licensee's driving privileges under the Compact.

Accordingly, I respectfully dissent.