**Joseph D. LEPKO, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Argued April 6, 2005.

Decided April 26, 2005.

---

**48**

Robert A. Lechowicz, Telford, for appellant.

Harold H. Cramer, Asst. Chief Counsel, Harrisburg and Joel W. Williams, Asst. Counsel, King of Prussia, for appellee.

BEFORE: COLINS, President Judge, and McGINLEY, Judge, SMITH–RIBNER, Judge, PELLEGRINI, Judge, FRIEDMAN, Judge, LEADBETTER, Judge, and SIMPSON, Judge.

·OPINION BY Judge FRIEDMAN.

Joseph D. Lepko (Licensee) appeals from the June 22, 2004, order of the Court of Common Pleas of Bucks County (trial court) denying Licensee's appeal from the one year suspension of his operating privileges imposed by the Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) pursuant to sections 3731 and 1532(b)(3) of the Vehicle Code, 75 Pa.C.S. §§ 3731 and 1532(b)(3), and the Driver's License Compact (Compact), 75 Pa.C.S. § 1581.

On September 17, 2003, Licensee was arrested in New Jersey for driving while intoxicated (DWI), and he was convicted there on December 4, 2003; Licensee had no prior arrests for DWI in any state. On February 3, 2004, DOT notified Licensee that his driving privileges were suspended for one year as a result of the out-of-state conviction. Licensee appealed the suspension to the trial court, which, following a hearing on the matter, issued an order denying Licensee's appeal and reinstating the previously imposed license suspension. Licensee now appeals to this court.[1]

Licensee raises two issues on appeal: (1) whether the trial court erred in reinstating the suspension of Licensee's operating privileges based upon sections 1532(b)(3) and 3731 of the Vehicle Code when those sections have been amended and repealed, respectively, by the Act of September 30, 2003, P.L. 120, commonly referred to as Act 24;[2] and (2) whether the trial court erred by failing to apply the provisions of Pennsylvania's "new" driving under the in-

---

1. Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether it committed an error of law or abuse of discretion. *Laughlin v. Department of Transportation, Bureau of Driver Licensing,* 719 A.2d 850 (Pa.Cmwlth.1998), *appeal denied,* 559 Pa. 670, 739 A.2d 168 (1999).

2. Section 1532(b)(3) of the Vehicle Code, as amended by section 7 of Act 24, no longer authorizes suspensions for DWI offenses reported to DOT under the Compact, and section 3731 of the Vehicle Code has been repealed by section 14 of Act 24.

fluence (DUI) statute, contained in section 16 of Act 24, to determine whether Licensee's operating privileges should be suspended.[3] The relevant provisions of Act 24 became effective on February 1, 2004, and Licensee contends that, as of that date, DOT no longer had authority to suspend a driver's license on the basis of a first-time DWI offense that occurred in another state prior to Act 24's effective date.

In its opinion, the trial court thoroughly and correctly analyzed these issues. Accordingly, finding neither an error of law nor an abuse of discretion, we affirm the trial court's order and adopt the well-reasoned opinion of Judge Albert J. Cepparulo, entered in *Commonwealth of Pennsylvania, Department of Transportation v. Joseph D. Lepko* (No. 04–1387–30–6, filed August 19, 2004).

### ORDER

AND NOW, this 26th day of April, 2005, the order of the Court of Common Pleas of Bucks County, dated June 22, 2004, is hereby affirmed on the basis of the opinion issued by Judge Albert J. Cepparulo in *Commonwealth of Pennsylvania, Department of Transportation v. Joseph D. Lepko* (No. 04–1387–30–6, filed August 19, 2004).

### ATTACHMENT

IN THE COURT OF COMMON PLEAS OF BUCKS COUNTY, PENNSYLVANIA
CIVIL DIVISION

COMMONWEALTH OF PENNSYLVANIA DEPARTMENT OF TRANSPORTATION

vs.

JOSEPH D. LEPKO

No. 04–1387–30–6
**OPINION**

### I. *INTRODUCTION*

Joseph Lepko has appealed from this Court's June 22, 2004 Order denying his Appeal from Suspension of Driver's License and Operator's Privilege. This Opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

### II. *PROCEDURAL BACKGROUND & FINDINGS OF FACT*[1]

By letter bearing mail date February 3, 2004, the Commonwealth of Pennsylvania, Department of Transportation notified Lepko that his driving privilege was suspended for one year effective March 9, 2004 as a result of his conviction in New Jersey for driving while intoxicated (DWI). Lepko was arrested for DWI in New Jersey on September 17, 2003 and was convicted there on December 4, 2003. Lepko appealed the suspension of his Pennsylvania driver's license and a hearing was held before this Court on May 11, 2004. The matter was taken under advisement and, on June 22, 2004, this Court issued an Order denying Lepko's appeal and reinstating the previously imposed license suspension.

### III. *ISSUE*

Lepko raises two issues on appeal: whether this Court improperly applied 75 Pa.C.S. § 3731 when that section had been

---

**3.** *See* 75 Pa.C.S. §§ 3802(a) and 3804(e)(2)(iii).

**1.** No substantive testimony was taken at the hearing held before this Court on May 11,

2004. Instead, counsel for the parties submitted briefs and the case was decided on those submissions.

repealed and whether this Court erroneously refused to apply Pennsylvania's "new" driving under the influence (DUI) statute. See *Statement of Matters Complained of on Appeal.* Combined, Lepko's issues on appeal amount to a question of whether this Court erred by finding that Lepko's Pennsylvania driver's license could be suspended for a first-time DWI offense that occurred in New Jersey prior to the effective date of Pennsylvania's "new" DUI statute. The "new" DUI law is contained in the Act of September 30, 2003, 2003 Pa. Legis. Serv. 2004-24 (West). This legislation is commonly referred to as "Act 24" and the provisions relevant to the instant case became effective on February 1, 2004.

## IV. *ANALYSIS OF ISSUE*

The terms of the Driver's License Compact of 1996 (the "Compact"), contained in 75 Pa.C.S. § 1581 et seq., control when a Pennsylvania driver is convicted of DUI in another state that has legally joined the Compact. Specifically, Article IV of the Compact reads as follows:

### Effect of Conviction

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:

\* \* \*

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle;

New Jersey is a party state to the Compact. See N.J.S.A. § 39:5D-1 et seq. Thus, a conviction for DWI in New Jersey is to be given "the same effect" as it would have if a DUI had occurred in Pennsylvania for purposes of license suspension.

Pennsylvania's DUI law was contained in 75 Pa.C.S. § 3731 until February 2004. Effective February 1, 2004, 75 Pa.C.S. § 3731 was repealed and replaced by 75 Pa.C.S. § 3802. 75 Pa.C.S.A. § 3804 addresses the way in which punishment under the "new" section 3802 is to be implemented. 75 Pa.C.S.A. § 3804(e)(1)(ii) provides that "[t]he department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for: ... (ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in section 1581 (relating to Driver's License Compact)." 75 Pa.C.S.A. § 3804(e)(2) provides that "[s]uspension under paragraph (1) shall be in accordance with the following: ... (iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." 75 Pa.C.S.A. § 3804(e)(2)(iv) says that:

(iv) For suspensions imposed under paragraph (1)(ii), notwithstanding any provision of law or enforcement agreement to the contrary, all of the following apply:

(A) Suspensions shall be in accordance with Subchapter D of Chapter 15 (relating to the Driver's License Compact).

(B) In calculating the term of a suspension for an offense that is substantially similar to an offense enumerated

in section 3802, the department shall presume that if the conduct reported had occurred in this Commonwealth then the person would have been convicted under section 3802(a)(2).

Under the "old" statute (75 Pa.C.S. § 3731) all first-time DUI convictions resulted in a one-year suspension of driving privileges. Under the "new" statute (75 Pa.C.S. § 3802) drivers convicted in another Compact state who have never been convicted of DUI before will avoid any suspension of driving privileges because first-time convictions are now treated as violations of 75 Pa.C.S. § 3802(a), which is considered an ungraded misdemeanor. Drivers who are convicted of a second or subsequent DUI will remain subject to suspension of driving privileges.

Act 24 amended 75 Pa.C.S. § 1586, which is the section of the Compact providing that out-of-state offenses for DUI are to be treated as substantially similar to the Pennsylvania offense of DUI. The amended § 1586 simply substitutes "3802" for "3731," as the number of the Pennsylvania statute that contains the DUI offense. The substitution was necessary because, as previously noted, Act 24 repealed 75 Pa. C.S. § 3731 and replaced it with 75 Pa.C.S. § 3802. Further, Section 21(2) of Act 24 provides that "[t]he repeal of ... 75 Pa. C.S. § 3731 shall not affect offenses committed prior to February 1, 2004, or civil or administrative penalties imposed as a result of those offenses."

Lepko appears to agree that his driving privileges would be properly suspended if his DUI offense and conviction had occurred in Pennsylvania. He argues, however, that 75 Pa.C.S. § 3731 applied only to Pennsylvania arrests and convictions, not to out-of-state arrests and convictions. He further argues that, although Section 21 of Act 24 provides that the new DUI law does not affect Pennsylvania offenses that occurred prior to February 1, 2004, that section failed to mention the Compact or out-of-state convictions. Lepko suggests that the changes in Pennsylvania's DUI law do affect suspensions resulting from out-of-state convictions for offenses that occurred before February 1, 2004 where the suspension itself is initiated after February 1, 2004. While Lepko's argument is a creative one, we are compelled to disagree.

Because the suspension of Lepko's Pennsylvania driving privilege was based on an out-of-state offense and conviction, the suspension is governed by the Compact. Article IV of the Compact clearly mandates that Pennsylvania give the same effect to out-of-state conduct as it would if the conduct had occurred in Pennsylvania. The relevant conduct in Lepko's case was driving under the influence in New Jersey on September 17, 2003. We are obligated, for purposes of suspending Lepko's driver's license, to treat the situation as though Lepko had been arrested for driving under the influence in Pennsylvania on September 17, 2003 and subsequently convicted of DUI in Pennsylvania on December 4, 2003. Had Lepko been arrested and convicted in Pennsylvania, Section 21 of Act 24 would preserve the Department of Transportation's ability to suspend his driver's license under the "old" law, 75 Pa.C.S. § 3731. Treating Lepko's out-of-state conduct and conviction as though they occurred in Pennsylvania, we hold that Lepko's driving privilege was properly suspended on February 3, 2004.

Allowing the date of the suspension letter or the date of conviction to determine which version of the DUI law applies would not only be unsupported by the law, but would also produce disparate and unjust results for similarly situated drivers whose suspensions were initiated at differ-

ent times. Under Lepko's construction of the law, a person arrested and convicted of DUI in New Jersey on the same dates as Lepko would have his or her license properly suspended if the DOT sent his or her suspension letter out before February 1, 2004. He argues, however, that his suspension was improper because the DOT sent his letter after February 1, 2004. Therefore, Lepko advocates treating differently two individuals who violated the same statute at the same time based on the date that the letter notifying the individuals of license suspension was mailed. This result is absolutely untenable because it requires an individual at the time of the offense to guess whether license suspension is a possible consequence of his or her arrest by guessing when the DOT will mail the suspension letter.

In the same vein, using the date of conviction as the relevant date to determine which law applies might result in disparate results for two individuals arrested on the same day for the same offense. Parties and counsel can easily manipulate conviction dates and thereby choose whether to be subject to the "new" or "old" law. Thus, an individual would not know, at the time of arrest, whether license suspension is a possible consequence for him or her because the date of conviction could be manipulated to change the possible punishments. Because using the date of the DUI offense as the applicable date is the only means of ensuring consistent application of license suspensions to out-of-state DUI convictions, and because the statutory language in Pennsylvania supports using the date of conduct as the applicable date, Lepko is subject to Pennsylvania DUI law as it stood on September 17, 2003. The law in effect at that time mandated a one-year license suspension based on his conviction in New Jersey.

## V. CONCLUSION

The foregoing represents the reasons for this Court's Order of June 22, 2004.

BY THE COURT:

/s/ Albert J. Cepparulo
ALBERT J. CEPPARULO, JUDGE

Date: 8/17/04