**Jason J. WOODS, Appellant**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 21, 2005.

Decided April 27, 2005.

John J. Kerrigan, Jr., Langhorne, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge, Harrisburg, for appellee.

BEFORE: COLINS, President Judge, and LEADBETTER, J, and SIMPSON, J.

OPINION BY Judge SIMPSON.

Jason J. Woods (Licensee) appeals from an order of the Court of Common Pleas of Bucks County (trial court) denying his appeal from the one-year suspension of his operating privileges imposed by the Department of Transportation, Bureau of Driver Licensing (PennDOT) pursuant to sections 3731 and 1532(b) of the Vehicle Code, 75 Pa.C.S. §§ 3731 and 1532(b), and the Driver's License Compact (Compact), 75 Pa.C.S. § 1581–1586. Because we determine the trial court did not err, we affirm.

Licensee was arrested in New Jersey for driving while intoxicated (DWI) in December 2003 and was convicted in March 2004. Reproduced Record (R.R.) at 11a. In May 2004, PennDOT notified Licensee his driving privileges were suspended for

one year as a result of the out-of-state conviction. R.R. at 8a–10a.

Licensee filed a timely appeal of the suspension. After a hearing, the trial court denied Licensee's appeal and reinstated the suspension. Licensee now appeals to this court.[1]

On appeal, Licensee argues: 1) his date of conviction, not his date of arrest, is the triggering date for application of the Compact and, therefore, Pennsylvania's previous DUI law at 75 Pa.C.S. § 3731 is inapplicable and the new law at 75 Pa.C.S. § 3802 controls; and 2) because he was convicted after the effective date of the new law at 75 Pa.C.S. § 3802, his license may not be suspended because he has no prior record.

The relevant provisions of the Act of September 30, 2003, P.L. 120, commonly known as Act 24, became effective on February 1, 2004. Under Act 24, PennDOT may no longer suspend the license of a driver convicted of DUI if the driver has no prior offense. 75 Pa.C.S. § 3804(e)(2)(iii).

Article IV of the Compact, Effect of Conviction, states,

(a) *The licensing authority in the home state,* for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, *shall give the same effect to the conduct reported,* pursuant to Article III of this compact, *as it would if such conduct had occurred in the home state* in the case of convictions for:

. . .

(2) driving a motor vehicle while under the influence of intoxicating liquor . . . to

a degree which renders the driver incapable of safely driving a motor vehicle;

. . . .

75 Pa.C.S. § 1581 (emphasis added). The Compact requires PennDOT to treat out-of-state driving under the influence offenses as "substantially similar" to 75 Pa. C.S. § 3802 (driving under influence of alcohol or controlled substance). 75 Pa. C.S. § 1586.

With that background, it is clear the determinative issue here is whether Licensee's license was properly suspended under the law as it existed prior to Act 24, or whether Act 24 applies. Licensee argues his date of conviction, which was after the effective date of Act 24, dictates which version of the law applies. The trial court concluded the date of the offending conduct, which was prior to the effective date of Act 24, applies. Therefore, Licensee's suspension was proper under the DUI law as it existed prior to Act 24.

Subsequent to the filing of briefs, this Court filed its decision in *Lepko v. Dep't of Transp., Bureau of Driver Licensing,* 873 A.2d 47, 2005 WL 946853 (Pa. Cmwlth., No. 1556 C.D.2004, filed April 26, 2005). *Lepko* involved substantially identical facts. There, as here, the licensee was arrested in New Jersey for his first DWI offense prior to the effective date of Act 24. PennDOT suspended the licensee's license after Act 24 went into effect, and the licensee appealed on the grounds that Act 24 applied because his suspension occurred after Act 24 went into effect. The trial judge in *Lepko* was the same as the trial judge here. He reached the same conclusion, that the suspension was proper because the date of the offending conduct

---

1. Our review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court committed an error of law or abuse of discretion. *Lepko v. Dep't of Transp., Bureau of Driver Licensing,* 873 A.2d 47, 2005 WL 946853 (Pa.Cmwlth., No. 1556 C.D.2004, filed April 26, 2005).

controlled which version of the law applied. The trial court stated,

[T]he Compact clearly mandates that Pennsylvania give the same effect to out of state *conduct* as it would if the conduct had occurred in Pennsylvania. The relevant conduct in Lepko's case was driving under the influence in New Jersey [prior to the effective date of Act 24] ... [U]sing the date of conviction as the relevant date to determine which law applies might result in disparate results for two individuals arrested on the same day for the same offense. Parties and counsel can easily manipulate conviction dates and thereby choose whether to be subject to the "new" or "old" law. Thus, an individual would not know, at the time of arrest, whether license suspension is a possible consequence for him or her because the date of conviction could be manipulated to change the possible punishments. Because using the date of the DUI offense as the applicable date is the only means of ensuring consistent application of license suspensions to out-of-state DUI convictions, and because the statutory language in Pennsylvania supports using the date of conduct as the applicable date, Lepko is subject to Pennsylvania DUI law as it stood on [the date of his conduct and arrest].

*Dep't of Transp. v. Joseph D. Lepko,* (Bucks County, No. 04–1387–30–6, filed August 19, 2004) (emphasis in original). We adopted the well-reasoned opinion of the trial court in *Lepko* and affirmed.[2]

*Lepko* resolves the issue here. As we held in *Lepko,* the date of conduct controls which law applies. Licensee's conduct occurred prior to the effective date of Act 24; therefore, the law as it existed prior to Act 24 applies. That law permitted a one-year

2. In *Lepko,* the licensee's conviction also occurred prior to the effective date of Act 24. This factual distinction does not change our

suspension in Licensee's circumstances. 75 Pa.C.S. § 1532(b). Accordingly, we affirm.

### ORDER

AND NOW, this 27th day of April, 2005, the order of the Court of Common Pleas of Bucks County is **AFFIRMED.**

analysis, because the date of conduct is the date to consider, rather than the date of conviction or the date of suspension.