885 A.2d 1112 (2005)
Hervey W. SCHOFIELD, III, Appellant
v.
COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.
Commonwealth Court of Pennsylvania.
Submitted on Briefs August 19, 2005.
Decided October 18, 2005.
Reargument or Rehearing Denied December 6, 2005.
James C. Sommar, Lansdale, for appellant.
Timothy P. Wile, Asst. Counsel In-Charge, Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellee.
BEFORE: McGINLEY, Judge, and LEAVITT, Judge, and FLAHERTY, Senior Judge.
Reargument or Rehearing En Banc Denied December 6, 2005.
OPINION BY Judge LEAVITT.
Hervey W. Schofield, III (Licensee) appeals from an order of the Court of Common Pleas of Montgomery County (trial court) denying his statutory appeal of a one-year suspension of his driver's license by the Pennsylvania Department of Transportation, Bureau of Driver Licensing (Department). The Department suspended Licensee's operating privileges because he was convicted by the State of New Jersey of driving while intoxicated (DWI) with a blood alcohol content (BAC) of 0.08%.[1] It was Licensee's first offense. Because Licensee's conviction took place after the effective date of an amendment to the Vehicle Code that no longer requires a one-year suspension for a first time DUI offense based upon a BAC of 0.08%, Licensee contends that the Department's one-year suspension was not authorized under the statute.
The pertinent facts are not in dispute. On January 30, 2004, Licensee was charged with DWI in the State of New Jersey, and he was convicted on March 23, 2004, because his blood alcohol content (BAC) was found to be 0.08%.[2] New Jersey *1113 is a party to the Driver License Compact of 1961 (Compact), and in accordance with its terms, the New Jersey Division of Motor Vehicles reported Licensee's conviction to the Department. On May 17, 2004, the Department notified Licensee that his operating privilege was suspended for one year, pursuant to 75 Pa.C.S. §§ 1532(b)(3)[3] and 1581.[4] On May 18, 2004, Licensee appealed that suspension.
At the hearing before the trial court, the Department offered into evidence a certified copy of Licensee's conviction and then rested. The only evidence offered by Licensee was a stipulation that his BAC level, which resulted in his New Jersey DWI conviction, was 0.08%. Licensee argued that for a license suspended pursuant to the Compact, the relevant date is the date of conviction, not the date of the offense. By the time of Licensee's New Jersey conviction on March 23, 2004, Pennsylvania law no longer required a one-year suspension for a first time DUI offense where the licensee had a BAC of 0.08%. The trial court found, however, this was not the law in Pennsylvania as of March 23, 2004, for offenses that occurred before February 1, 2004, such as Licensee's. Further, the trial court rejected Licensee's argument that for all out-of-state offenses that trigger the Compact, the operative date is the conviction date. The trial court found Licensee's suspension to be required under Article IV(a)(2)[5] of the Compact, and it dismissed Licensee's appeal. Licensee then appealed to this Court.
On appeal,[6] Licensee raises the same issue.[7] Licensee asserts that Act 2003-24[8] *1114 does not authorize a license suspension for an out-of-state DUI conviction where the operator's BAC was 0.08%. Licensee acknowledges that Act 2003-24 generally does not apply to offenses committed before February 1, 2004, including his. However, he contends that there is an exception for out-of-state offenses based upon a BAC of 0.08% that occurred between September 30, 2003, and February 1, 2004.
Act 2003-24 enacted significant amendments to the Vehicle Code relevant to DUI conduct, and those amendments had different effective dates. Effective September 30, 2003, Section 3731 of the Vehicle Code was amended to reduce the BAC level needed for a DUI conviction from 0.10% to 0.08%. Section 22 of Act 2003-24. Effective February 1, 2004, the prior suspension provisions in the Vehicle Code were repealed and replaced by a new Chapter 38, 75 Pa.C.S. §§ 3801-3817. Section 22 of Act 2003-24. Accordingly, on February 1, 2004, 75 Pa.C.S. § 3731 was replaced by 75 Pa.C.S. § 3804(e), which provides that first-time offenders with a BAC of 0.08% do not have their licenses suspended. 75 Pa.C.S. § 3804(e)(2)(iii).[9] Thus, if 75 Pa.C.S. § 3804(e) governs Licensee, a first time offender convicted on the basis of a BAC of 0.08%, he would not be subject to the administrative penalty of a one-year license suspension. By contrast, if the prior law applies, his conviction requires a one-year suspension.
Critical to this case is Section 21 of Act 2003-24.[10] Specifically, Subsection (5) of Section 21 makes the new DUI rules applicable to offenses committed after February 1, 2004, stating as follows:
(5) The following apply to offenses committed before February 1, 2004:
(i) Except as set forth in subparagraph (ii) or (iii), this act shall not affect an offense committed before *1115 February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.
Section 21(5)(i) of Act 2003-24 (emphasis added). However, Section 21(5)(i) created an exception, in subparagraph (iii), for the "amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i)." Section 21(5)(iii)(E) of Act 2003-24.[11] Licensee reads the exception in Section 21(5)(i) to mean that Act 2003-24 does apply to his pre-February offense and the "administrative penalty to be assessed." Thus, Licensee argues that the new reduced penalty provisions in 75 Pa.C.S. § 3804(e)(2)(iii) apply to him.
This interpretation stretches the meaning of the exception Section 21(5)(i). Under Section 22, the BAC needed for a DUI conviction was reduced from 0.10% to 0.08%, because the amendments to 75 Pa.C.S. § 3731 became effective September 30, 2003. Section 22 of Act 2003-24.[12] However, the reduced penalty in 75 Pa.C.S. § 3804(e)(2)(iii) did not become effective on September 30, 2003. It was part of the "remainder" of the act that did not go into effect until February 1, 2004. Section 22(3) of Act 2003-24. We are required to read Sections 21 and 22 together because they are in pari materia.[13] Doing so leads to the following conclusion: the amendment to 75 Pa.C.S. § 3731, reducing the BAC level from 0.10% to 0.08%, was an "exception" identified in Section 21(5)(i) because it became effective earlier, i.e., September 30, 2003, than the remainder of the Act. However, the reduced administrative penalty for such an offense did not become effective until February 1, 2004. In sum, we hold for offenses that occurred between September 30, 2003, and February 1, 2004, the administrative penalty for a first time offender convicted of DUI with a BAC of 0.08% was a one-year suspension.
In any case, Act 2003-24 did not change the law on reciprocal driver's license suspensions under the Compact. Licensee's DWI offense in New Jersey on January 30, 2004, for driving with a BAC of 0.08%, resulted in a conviction under provisions of a statute that were substantially similar to the Pennsylvania DUI offense of driving with a BAC of 0.10%. In Hoenisch v. Department of Transportation, Bureau of Driver Licensing, 567 Pa. 89, 785 A.2d 969 (2001), our Supreme Court held that an out-of-state conviction for a BAC of 0.08% properly triggered a suspension of a Pennsylvania license where, at the time, the per se definition of DUI in Pennsylvania was a BAC of 0.10%. Further, in Kulp v. Department of Transportation, Bureau of Driver Licensing, 795 A.2d 471 (Pa.Cmwlth.2002), this Court held that N.J. Stat. § 39:4-50(a) is substantially similar to Article IV(a)(2) of the Compact. In short, whether Licensee had been arrested and convicted in either Pennsylvania or New Jersey, the penalty was the same for offenses that took place prior to February 1, 2004: a *1116 one-year suspension of operating privileges.
This Court has consistently held that DUI offenses that are committed in Compact-member states by Pennsylvania-licensed drivers prior to February 1, 2004, will lead to a one-year suspension pursuant to the savings provision in Section 21 of Act 2003-24, regardless of whether the conviction occurs prior or subsequent to February 1, 2004. See, e.g., Barnas v. Department of Transportation, Bureau of Driver Licensing, 874 A.2d 169 (Pa.Cmwlth.2005); Tirado v. Department of Transportation, Bureau of Driver Licensing, 876 A.2d 1082 (Pa.Cmwlth.2005); Woods v. Department of Transportation, Bureau of Driver Licensing, 873 A.2d 55 (Pa.Cmwlth.2005); Lepko v. Department of Transportation, Bureau of Driver Licensing, 873 A.2d 47 (Pa.Cmwlth.2005). Licensee believes his situation is different from those previously addressed because his offense took place after September 30, 2004. We disagree that this timing difference affects the principle of these cases, i.e., that date of offense, not conviction, governs the effective date of the Vehicle Code's elimination of the one-year suspension for first time DUI offenders.
The timing of Licensee's New Jersey DWI offense was particularly unfortunate for him. If he had been arrested two days later, his first time offense would not have triggered a suspension under the Compact because of the new law set forth in 75 Pa.C.S. § 3804(e)(2)(iii). If he had been arrested eleven days earlier, before New Jersey reduced it's DWI BAC level from 0.10% to 0.08%, then he would not have been convicted in New Jersey. On the date of Licensee's offense, January 30, 2004, the Compact mandated a one-year suspension for an out-of-state DUI offense that resulted in a conviction, regardless of the level of the driver's BAC. 75 Pa.C.S. § 1532(b)(3).[14]
Accordingly, we affirm.

ORDER
AND NOW, this 18th day of October, 2005, the order of the Court of Common Pleas of Montgomery County dated October 14, 2004, in the above-captioned matter is hereby affirmed.
NOTES
[1] N.J. Stat. § 39:4-50(a).
[2] Ten days before Licensee's arrest, newly enacted legislation in New Jersey reduced the level of BAC needed to prove DWI from 0.10% to 0.08%.
[3] 75 Pa.C.S. § 1532(b)(3) provides in pertinent part:

(b) Suspension.
* * *
(3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of Section 3733 (relating to fleeing or attempting to elude police officer) or a substantially similar offense reported to the department under Article III of Section 1581 (relating to Driver's License Compact), or an adjudication of delinquency based on Section 3733.
[4] See n. 5, infra.
[5] Article IV(a)(2) of the Driver's License Compact provides:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, shall give the same effect to the conduct reported, pursuant to Article III of this compact, as it would if such conduct had occurred in the home state in the case of convictions for:
(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle.
75 Pa.C.S. § 1581, Article IV(a)(2) (emphasis added).
[6] Our scope of review is limited to determining whether the trial court's findings are supported by substantial evidence and whether the trial court committed an error of law or abuse of discretion. Lepko v. Department of Transportation, Bureau of Driver Licensing, 873 A.2d 47, 48 n. 1 (Pa.Cmwlth.2005).
[7] Before the trial court, Licensee argued that because his suspension was governed by the Compact, a different rule applies. In Schrankel v. Commonwealth of Pennsylvania, Department of Transportation, 562 Pa. 337, 341, 755 A.2d 690, 692 (2000), our Supreme Court held that "the triggering date for the suspension provisions in the Compact ... is the date of the conviction...." In so holding, the Court considered the effective date of our legislature's enactment of the Compact; in the instant case, the trial court found Schrankel was inapposite. Licensee does not continue to argue the applicability of Schrankel to his appeal.
[8] Act of September 30, 2003, P.L. 120, No. 24.
[9] It states:

(iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.
75 Pa.C.S. § 3804(e)(2)(iii).
[10] Section 21 of Act 2003-24 states:

The following shall apply:
* * *
(2) The repeal of 18 Pa.C.S. § 7514 and 75 Pa.C.S. § 3731 shall not affect offenses committed prior to February 1, 2004, or civil and administrative penalties imposed as a result of those offenses.
(3) An individual sentenced under 18 Pa.C.S. § 7514 or 75 Pa. C.S. § 3731 shall be subject to administrative and civil sanctions in effect on January 31, 2004.
(4) An individual sentenced under 75 Pa.C.S. Ch. 38 shall be subject to administrative and civil sanctions under this act.
(5) The following apply to offenses committed before February 1, 2004:
(i) Except as set forth in subparagraph (ii) or (iii), this act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.
(ii) Subparagraph (i) does not apply if a provision added or amended by this act specifies application to an offense committed before February 1, 2004, or to any criminal, civil or administrative penalty assessed as a result of that offense.
(iii) Subparagraph (i) does not apply to the following provisions:
(A) The amendment of 42 Pa.C.S. § 7003(5) in section 3 of this act.
(B) The amendment of 75 Pa.C.S. § 1516(c) and (d).
(C) The amendment of 75 Pa.C.S. § 1534(b).
(D) The amendment of 75 Pa.C.S. § 1547(d) in section 9.1 of this act.
(E) The amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i) in section 13 of this act.
[11] This amendment to 75 Pa.C.S. § 3731 reduced the BAC level for a prima facie case from 0.10% to 0.08%.
[12] It states:

(2) The following provisions shall take effect September 30, 2003, or immediately, whichever is later:
* * *
(iii) The amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i) in Section 13 of this act.
(3) The remainder of this act shall take effect February 1, 2004.
Section 22(2) and (3) of Act 2003-24 (emphasis added).
[13] Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things. 1 Pa.C.S. § 1932(a). Statutes, or parts of statutes, in pari materia shall be construed together, if possible. 1 Pa.C.S. § 1932(b).
[14] It stated in relevant part:

(3) The department shall suspend the operating privilege of any driver for 12 months upon receiving a certified record of the driver's conviction of section 3731 (relating to driving under the influence of alcohol or controlled substance) ... or a substantially similar offense reported to the department under Article III of Section 1581 (relating to Driver's License Compact)....
75 Pa.C.S. § 1532(b)(3).