755 A.2d 690

**Charles R. SCHRANKEL, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellee.**

Supreme Court of Pennsylvania.

Argued March 8, 2000.

Decided July 19, 2000.

338

Gregory S. Fox, Ellwood City, for Charles R. Schrankel.

Timothy P. Wile, Harrisburg, for PENNDOT.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION*

NEWMAN, Justice.

We granted allowance of appeal in this matter to decide whether the Pennsylvania Department of Transportation (DOT) can suspend, pursuant to the Driver's License Compact, 75 Pa.C.S.A. § 1581, (Compact), the license of a driver, who committed the offense of driving under the influence (DUI) before the Pennsylvania legislature enacted the Compact, but whose conviction on this offense was entered after the effective date of the Compact. For the reasons that

follow, we hold that DOT can suspend a driver's license under these circumstances.

## FACTS AND PROCEDURAL BACKGROUND

On March 5, 1995, Charles R. Schrankel (Appellant) was arrested for DUI in Ohio. At the time of his arrest, Pennsylvania had not yet enacted the Compact; but on December 10, 1996, our legislature did make the Compact the law of this Commonwealth. Then, on March 21, 1997, Appellant was convicted in Ohio for his previous DUI arrest. Ohio is a party to the Compact and accordingly, reported Appellant's conviction to the Pennsylvania Department of Transportation (DOT). DOT, in turn, suspended Appellant's driving privileges based upon the reported conviction.

Appellant appealed this suspension to the Court of Common Pleas of Allegheny County (trial court), challenging DOT's authority to suspend his license under the Compact because the Ohio incident occurred prior to Pennsylvania's enactment of the Compact. The trial court held that the "Ohio crime and conviction transpired well before" the effective date of the Compact and determined that the suspension acted as a retroactive application of law. The trial court mistakenly assumed that Appellant's conviction, in addition to the arrest, pre-dated enactment of the Compact. The Commonwealth Court reversed, holding that the trigger date for purposes of the Compact is the date of conviction, which in this case indisputably occurred after the enactment of the Compact.

## ANALYSIS

Appellant argues that the Commonwealth Court improperly applied the statute retroactively against him. Pointing to Article IV of the Compact, he asserts that the provisions of the Compact regarding suspension of licenses are triggered on the date an offense occurs, not on the date of conviction.[1] DOT, on the other hand, contends that the application of the

1. There is no contention that the conviction occurred before the date of the Compact.

Compact for conduct occurring before the effective date of the Act is not an improper retroactive law because Article IV of the Compact specifically indicates that the event that triggers the suspension provisions is the driver's conviction. We agree with DOT.

Article III of the Compact states in relevant part:

Reports of Conviction

The licensing authority of a party state *shall report each conviction* of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly *identify the person convicted*, describe the violation specifying the section of the statute, code or ordinance violated, identify the court in which action was taken, indicate whether a plea of guilty or not guilty was entered or the conviction was a result of the forfeiture of bail, bond or other security and shall include any special findings made in connection therewith.

75 Pa.C.S.A. § 1581, Art. III (emphasis added).

Article IV of the Compact states:

Effect of Conviction

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, *shall give the same effect to the conduct reported, pursuant to Article III of this compact*, as it would if such conduct had occurred in the home state

75 Pa.C.S.A. § 1581, Art. IV (emphasis added).

In reviewing the Compact as a whole, it is clear that it requires that the out of state authorities report *convictions* to the licensing state pursuant to Article III, and that Article IV dictates what effect such conviction will have in the home state. Indeed, the Compact captions Article III, "Report of Conviction" and Article IV, "Effect of Conviction." Further, the Compact at Article III quite succinctly states that the authorities "shall report each conviction" to the home state. It is only after the report of conviction is received in the home state that the authorities, pursuant to Article IV, look to the

conduct involved to assess what effect that such conduct shall have in the home state. We find this matter substantially similar to that presented in *Office of Disciplinary Counsel v. Zdrok*, 538 Pa. 41, 645 A.2d 830 (1994), where an attorney challenged his license suspension for criminal conduct that occurred before his admission to the bar, but whose conviction occurred after such admission. In rejecting his arguments that his suspension was an *ex posto facto* law, we stated that:

> This argument is wholly without merit. The constitutional prohibition against ex post facto laws does not apply to statutes which do not involve imposition of penal sanctions. We do note that retroactive application of the adoption of a statute or a change in the statute can offend due process. Here, however, the conduct for which (the attorney) is being disciplined was the conviction, not the commission of the crime, although the commission was of course a necessary component. Moreover, that conduct was subject to discipline when it was committed, assuming a conviction thereon; it is only (the attorney's) status that changed. He is being disciplined not as a result of an adoption of a rule or a change in the rule, but as a result of his admission to the profession of law. Thus, there is simply no retroactive application of a law.

645 A.2d at 834. Further, in *Zdrok*, we specifically noted that the provision under which the attorney was disciplined did not speak in terms of committing a crime; rather, the discipline was as a result of a conviction for a crime. *Id.* at 834, n. 5.

Accordingly, we hold that the triggering date for the suspension provisions in the Compact, due to a DUI committed in another state, is the date of the conviction for such DUI and that any such suspension is not an improper retroactive law. Thus, we affirm the Commonwealth Court.

Justices CASTILLE and SAYLOR concur in the result only.