**Christopher G. BARNAS**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.**

Commonwealth Court of Pennsylvania.

Argued April 6, 2005.

Decided May 13, 2005.

---

Terrance M. Edwards, Asst. Counsel, and Timothy P. Wile, Asst. Counsel In-Charge, for appellant.

Michael A. Vantrella, Tannersville, for appellee.

BEFORE: COLINS, President Judge, and McGINLEY, J., and SMITH-RIBNER, J., and PELLEGRINI, J., and FRIEDMAN, J., and LEADBETTER, J., and SIMPSON, J.

OPINION BY Judge FRIEDMAN.

The Commonwealth of Pennsylvania, Department of Transportation, Bureau of Driver Licensing (DOT) appeals from the August 3, 2004, order of the Court of Common Pleas of Monroe County (trial court), which reversed the license suspension imposed by DOT upon Christopher G. Barnas (Licensee). We reverse.

Licensee is domiciled in Monroe County and is a licensed driver in the Commonwealth of Pennsylvania. (Trial ct.'s Findings of Fact, No. 1.) On September 23, 2003, Licensee was charged in the state of New York with operating a motor vehicle while under the influence of alcohol (DUI).[1] (Trial ct.'s Findings of Fact, No. 2.) On February 13, 2004, Licensee was convicted of the offense in the state of New York. (Trial ct.'s Findings of Fact, No. 3.) On March 29, 2004, pursuant to the Driver's License Compact (Compact), the Department of Motor Vehicles for the state of New York transmitted an electronic communication to DOT, notifying DOT of Licensee's conviction. (Trial ct.'s Findings of Fact, No. 4.) Licensee had no prior convictions for DUI in Pennsylvania or any other state. (Trial ct.'s Findings of Fact, No. 5.)

On May 14, 2004, DOT sent official notice to Licensee of the suspension of his driving privileges, stating:

This is an Official Notice of the Suspension of your Driving Privilege as authorized by Section 1532B [of] the Pennsylvania Vehicle Code. As a result of your 02/13/2004 conviction in NEW YORK:

Your driving privilege is SUSPENDED for a period of 1 YEAR(S) effective 6/18/2004 at 12:01 a.m.

---

1. Although the trial court found that Licensee was charged with and convicted of DUI, the record shows that Licensee was convicted of driving while impaired. (*See* R.R. at 26a.)

Your driving record reflects a violation on 09/23/2003 that is similar to violating Section 3731 of the Pennsylvania Vehicle Code, DRIVING UNDER INFLUENCE.

Your conviction in NEW YORK is listed in Article IV of Section 1581 of the Pennsylvania Vehicle Code which mandates that PennDOT process specific out-of-state convictions as though they had occurred in Pennsylvania.

(Trial ct.'s Findings of Fact, No. 6) (bolding removed).

Licensee appealed the suspension to the trial court, which held a hearing on the matter. Licensee argued that the suspension was improper because section 3804(e)(2)(iii) of the Vehicle Code,[2] which became effective on February 1, 2004, *prior to his conviction on February 13, 2004,* states that there shall be no suspension for a first-time violation of Pennsylvania's DUI law.[3] DOT argued that section 3804(e)(2)(iii) of the Vehicle Code does not apply because it became effective *after Licensee committed the DUI offense on September 23, 2003.* Therefore, the question, as framed by the trial court, was whether the offense date or the conviction date controls DOT's imposition of a suspension under the provisions of the Compact, 75 Pa.C.S. § 1581. Relying on *Schrankel v. Department of Transportation,* 562 Pa. 337, 755 A.2d 690 (2000), the trial court concluded that the **conviction** date was controlling. Thus, the trial court held that DOT erred in suspending Licensee's driver's license. (Trial ct's op. at 4.)

DOT appealed to this court, which affirmed the trial court in an opinion and order dated February 1, 2005. DOT then filed an application for reconsideration. By order dated March 10, 2005, this court granted the application for reconsideration and withdrew its February 1, 2005, opinion and order. The matter was argued before an *en banc* panel of this court on April 6, 2005.[4]

■ DOT argues that the trial court erred in concluding that the conviction date controls whether DOT should impose a suspension under the Driver's License Compact. We agree.

■ Article IV of the Compact provides, in pertinent part, as follows:

(a) The licensing authority in the home state, for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, *shall give the same effect to the conduct reported . . . as it would if such conduct had occurred in the home state* in the case of convictions for . . . [DUI].

75 Pa.C.S. § 1581 (emphasis added). We construe this language to mean that, if a

---

2. 75 Pa.C.S. § 3804(e)(2)(iii).

3. Act 24 of 2003 (Act 24), Act of September 30, 2003, P.L. 120, changed the DUI law in Pennsylvania as of February 1, 2004. Under Act 24, an individual may not drive a vehicle after imbibing a sufficient amount of alcohol (1) to render the individual incapable of safe driving or (2) to give the individual a blood alcohol concentration of at least 0.08% but less than 0.10% within two hours after the individual has driven a vehicle. Section 3802(a) of the Vehicle Code, 75 Pa.C.S. § 3802(a). An individual who commits either offense with no more than one prior offense commits an ungraded misdemeanor. Section 3803(a) of the Vehicle Code, 75 Pa.C.S. § 3803(a). "There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." 75 Pa.C.S. § 3804(e)(2)(iii).

4. Because this appeal presents us solely with a question of law, our review is plenary. *Deliman v. Department of Transportation, Bureau of Driver Licensing,* 718 A.2d 388 (Pa.Cmwlth. 1998).

party state reports to DOT that a licensee has been convicted for conduct that occurred in the party state on a particular date, DOT must give effect to the conduct as if it had occurred in Pennsylvania on that same date.[5]

Here, the state of New York reported that Licensee was driving a motor vehicle while his ability was impaired by alcohol on September 23, 2003, in the state of New York. (R.R. at 26a.) Thus, DOT was required to give effect to Licensee's impaired driving as if it had occurred in Pennsylvania on September 23, 2003. In that regard, section 1586 of the Vehicle Code states that DOT shall treat convictions that relate to driving while impaired by alcohol as being substantially similar to convictions for DUI.[6] 75 Pa.C.S. § 1586. Moreover, on September 23, 2003, section 1532(b)(3) of the Vehicle Code stated that DOT shall suspend a licensee's operating privileges for twelve months upon receiving a certified record of an out-of-state DUI conviction.[7] 75 Pa.C.S. § 1532(b)(3). As a result, we hold that, in this case, DOT properly suspended Licensee's operating privileges.

DOT points out that the savings provisions of Act 24 of 2003 (Act 24), Act of December 30, 2003, P.L. 120, which the trial court failed to consider, support this result. We agree.

Section 21(5)(i) of Act 24 states, "Except as set forth in subparagraph (ii) or (iii), this act *shall not affect an offense committed before February 1, 2004,* or any criminal, civil and administrative penalty assessed as a result of that offense." Here, because Licensee committed the DUI offense in New York on September 23, 2003, which is prior to February 1, 2004, Act 24 does not apply.

---

5. *Schrankel* does not require a different result. In fact, *Schrankel* is totally inapplicable because it pre-dates the enactment of Act 24 and because it dealt with a completely different issue.

In *Schrankel,* the licensee was arrested for DUI in Ohio on March 5, 1995, prior to Pennsylvania's enactment of the Compact on December 10, 1996. On March 21, 1997, Licensee was convicted of the offense, and Ohio reported the conviction to DOT. The issue was whether DOT could suspend the licensee's operating privileges under the Compact when the offense occurred prior to Pennsylvania's enactment of the Compact. The court held that "the triggering date for the suspension *provisions* in the Compact, due to a DUI committed in another state, is the date of the conviction for such DUI." *Schrankel,* 562 Pa. at 341, 755 A.2d at 692 (emphasis added). Therefore, DOT could suspend the driver's license.

The question here is *not* whether the New York conviction report sent to DOT triggered the suspension provisions of the Compact. The question is whether, *once DOT received the conviction report triggering the suspension provisions of the Compact,* DOT is to give effect to the conduct underlying the conviction as if the conduct occurred in Pennsylvania on the date of the offense or on the date of the conviction.

As indicated above, we hold that DOT must give effect to the conduct as if it occurred in Pennsylvania on the date of the offense. To hold otherwise would result in different treatment for licensees who committed the same offense on the same day. For instance, a licensee who violated New York's DUI laws on September 23, 2003, and was convicted on January 31, 2004, would receive a suspension, but a licensee who violated New York's DUI laws on September 23, 2003, and was convicted on February 1, 2004, would receive no suspension.

6. We note that section 1586 of the Vehicle Code was amended, effective February 1, 2004, by replacing the references to section 3731 of the Vehicle Code, the old DUI law, with references to section 3802 of the Vehicle Code, the new DUI law.

7. We note that section 1532(b)(3) of the Vehicle Code was amended, effective February 1, 2004, by deleting the reference to section 3731 of the Vehicle Code, the old DUI law.

Section 21(5)(ii) of Act 24, which sets forth the first exception to subparagraph (i), states, "Subparagraph (i) does not apply if a provision added or amended by this act *specifies application* to an offense committed before February 1, 2004, or to any criminal, civil or administrative penalty assessed as a result of that offense." This exception does not apply here because section 3804(e)(2)(iii) of the Vehicle Code, the provision relied upon by Licensee, does *not* specify that it applies to offenses committed before February 1, 2004.

Section 21(5)(iii) of Act 24, which sets forth the second exception to subparagraph (i), states:

> (iii) Subparagraph (i) does not apply to the following provisions:

> (A) The amendment of 42 Pa.C.S. § 7003(5) in section 3 of this act [requiring that a person whose license has been suspended due to a second or subsequent DUI violation apply for an ignition interlock restricted license].

> (B) The amendment of 75 Pa.C.S. § 1516(c) and (d) [relating to DOT's use and maintenance of driving records].

> (C) The amendment of 75 Pa.C.S. § 1534(b) [relating to DOT's maintenance of ARD records].

> (D) The amendment of 75 Pa.C.S. § 1547(d) in section 9.1 of this act [amending the blood alcohol concentration from 0.10% to 0.08%].

> (E) The amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i) in section 13 of this act [amending the blood alcohol concentration from 0.10% to 0.08%].

This exception to subparagraph (i) does not apply because section 3804(e)(2)(iii) is not among the listed provisions.

Accordingly, we reverse.

## ORDER

AND NOW, this 13th day of May, 2005, the order of the Court of Common Pleas of Monroe County, dated August 3, 2004, is hereby reversed.

Judge McGINLEY dissents.

Judge SMITH–RIBNER concurs in the result only.

DISSENTING OPINION BY Judge PELLEGRINI.

The majority, in its penultimate paragraph, holds that because Section 3804(e)(2)(iii) is not among the listed provisions that effect all driving under the influence offenses that occurred prior to February 1, 2004, then Christopher G. Barnas (Licensee), who was convicted in New York of driving with a .08 percent blood alcohol level, should have his license suspended for one year, even though for the same conduct in Pennsylvania, his license would never have been suspended. Because the controlling provision is not Section 3804(e)(2)(iii) but Section 3731 of the Vehicle Code, *formerly* 75 Pa.C.S. § 3731, as amended by Act 24 of 2003 (Act 24), which undisputedly is among the listed provisions that are effective as to offenses that occurred prior to February 1, 2004, I respectfully dissent.

Prior to the amendment of 75 Pa.C.S. §§ 3731(a)(4)(i) and (a.1)(1)(i) by Act 24,[1] no offense occurred or penalty was imposed if a licensee was driving in Pennsylvania with a blood alcohol level of less than .10%. Where a person was convicted in another state of violating a provision that made it an offense to drive with less than a .10% blood alcohol level, by operation of

---

1. Act of September 30, 2003, P.L. 120, 75 Pa.C.S. §§ 3801–3817.

the Driver's License Compact of 1961,[2] a licensee had his or her license suspended for one year,[3] even though driving with that blood alcohol level in Pennsylvania was not a DUI violation subject to any suspension because it was held that conduct was substantially similar to the conduct in Pennsylvania. *Hoenisch .v. Dept. of Transportation, Bureau of Driver Licensing*, 567 Pa. 89, 785 A.2d 969 (2001) (with three justices dissenting).

This all changed with Act 24.[4] Section 13 of Act 24 amended 75 Pa.C.S. §§ 3731(a)(4)(i) and (a.1)(1)(i), to provide for a DUI offense that was identical to the offense in New York by making it a crime in Pennsylvania to drive with a blood alcohol level of .08%. It provided:

§ **3731.  Driving under influence of alcohol or controlled substance.**

**(a) Offense defined.** A person shall not drive, operate or be in actual physical control of the movement of a vehicle in any of the following circumstances:

(1) While under the influence of alcohol to a degree which renders the person incapable of safe driving.

* * *

(4) While the amount of alcohol by weight in the blood of:

(i) an adult in [0.10%] or *0.08%* or greater.

* * *

(a.1)  Prima facie evidence.—

(1) It is prima facie evidence that:

(i)  an adult had [0.10%] or *0.08%* or more by weight of alcohol in his or her blood at the time of driving, operating or being in actual physical control of the movement of any vehicle if the amount of alcohol by weight in the blood of the person is equal to or greater than [0.10%] or *0.08%* at the time a chemical test is performed on a sample of the person's breath, blood or urine.

Sections 21(5)(iii)(E)(5) made this provision of Act 24 applicable to all offenses committed before February 1, 2004.[5] Because

2.  75 Pa.C.S. § 1581.

3.  The one year suspension is pursuant to 75 Pa.C.S. § 1532(b).

4.  Act 24 was enacted by the General Assembly on September 30, 2003, and also became effective that date. The provisions of Act 24 amended Section 3731 making it an offense to operate a motor vehicle with a blood alcohol level at 0.08% but less than 0.10%. Within an instant, Section 3731 was then replaced by 75 Pa.C.S. § 3802(a), but 75 Pa.C.S. §§ 3731(a)(4)(i) and (a.1)(1)(i) remained applicable to all offenses committed prior to February 1, 2004. The revised penalty provisions of Act 24, 75 Pa.C.S. § 3804, became effective February 1, 2004. Under the revised penalty provisions of Act 24, a first-time offender for a DUI offense (whether in state or out of state) was subject to fines, probation and other penalties such as attending alcohol awareness and safety programs. *See* 75 Pa. C.S. 3804(a)(1). In addition, Section 3804(e)(2)(iii) specified that "[t]here shall be

no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense." *Id.* § 3804(e)(2)(iii). Thus, a first-time DUI offender who committed a DUI offense below 0.10% either within the Commonwealth or in another state that joined the Compact did not receive a penalty of suspension. *See* 75 Pa. C.S. §§ 3804(e)(2)(iii), 1532(b)(3), 3802(a)(2) and 3804(e)(1)(ii).

5.  Sections 21(2) and (5)(iii) contain the following "savings" provisions that instruct when and whether pre-February 1, 2004 offenses will be subject to the reduced penalty provisions of Section 3804:

(2) The repeal of 18 Pa.C.S. § 7514 and 75 Pa.C.S. § 3731 [relating to drunk driving] shall not affect offenses committed prior to February 1, 2004, or civil and administrative penalties imposed as a result of those offenses.

this .08% blood alcohol provision was added by Act 24's amendment of 75 Pa.C.S. § 3731(a.1), then under Section 21(5)(ii), any administrative penalty, such as a suspension, does not apply, making those offenses subject to the reduced penalty provisions of Section 3804. Moreover, unlike the majority's interpretation, this interpretation is in direct accord with the General Assembly's intent not to have those convicted of less than a .10% blood alcohol level to have their licenses suspended for a first offense.

In this case, Licensee was charged on September 23, 2003, and ultimately convicted with violating New York's traffic laws for driving while impaired by alcohol of less than .10%. Because Licensee was a first-time offender, in Pennsylvania, under both 75 Pa.C.S. § 3731, which does not impose any penalty, and Section 3804(a)(1), the administrative penalties applicable to this type of violation are only fines and probation, not suspension. Because 21(5)(ii) states that the reduced penalty provisions apply to all offenses that occurred before February 1, 2003, I disagree with the majority that PennDot properly suspended Licensee's operating privileges under the Compact when for the substantially similar offense—the identical offense in Pennsylvania, no suspension, then and now or ever, would be imposed.

    \* \* \*

(5) The following apply to offenses committed before February 1, 2004:

(i) *Except as set forth in subparagraph* (ii) or (iii), this act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.

(ii) Subparagraph (i) **does not apply if a provision added or amended by this act** **specifies application to an offense committed before February 1, 2004, or to any criminal, civil or administrative penalty assessed as a result of that offense.**

(iii) Subparagraph (i) does not apply to the following provisions:

    \* \* \*

(E) The amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i) in section 13 of this act.