Brian Steven LEUTHE

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 29, 2007.

Decided Oct. 1, 2007.

Timothy P. Wile, Asst. Counsel In-Charge and Harold H. Cramer, Asst. Chief Counsel, Harrisburg, for appellant.

Frank L. Caiola, East Norriton, for appellee.

BEFORE: McGINLEY, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SIMPSON.

In this license suspension appeal complicated by the passage of years and changes of law between conduct and conviction, the Court of Common Pleas of Montgomery County (trial court) asks that its order be reversed, and that the reciprocal suspension of Brian Steven Leuthe's (Licensee) operating privileges for an out-of-state alcohol-related driving conviction be reinstated. Agreeing with the trial court's conclusion that *Wroblewski v. Commonwealth,* 570 Pa. 249, 809 A.2d 247 (2002) compels the result, we reverse and reinstate Licensee's suspension.

In August 1996, Licensee was charged in Maryland with driving under the influence of alcohol (DUI), a violation of Md. Code, Transp. § 21–902(b), which provides, "A person may not drive or attempt to drive any vehicle while under the influence of alcohol." Licensee, a first-time offender, was admitted into Maryland's pre-conviction probation program, which is somewhat similar to Pennsylvania's Accelerated Rehabilitative Disposition (ARD) program. About ten years later, Licensee's ARD/probation was revoked, and he was

convicted of DUI in May 2006.[1] Maryland reported Licensee's DUI conviction to the Department.

During the ten-year period between Licensee's conduct and his conviction, several relevant changes of Pennsylvania law occurred. First, in 1998, the legislature added 75 Pa.C.S. § 1586 (substantial similarity provision),[2] to the provisions of the Vehicle Code pertaining to the Driver's License Compact (Compact).[3] The substantial similarity provision clarified which out-of-state impaired driving offenses were considered substantially similar to Pennsylvania's impaired driving offenses and therefore required reciprocal license suspension upon receipt of report of conviction. In 2002, the impact of the substantial similarity provision was addressed by our Supreme Court in *Wroblewski*. In short, the Supreme Court determined the substantial similarity provision broadened the scope of out-of-state offenses Pennsylvania would consider to be substantially similar for purposes of reciprocal license suspension under the Compact.

Second, in 2003, the legislature enacted Chapter 38 of the Vehicle Code, 75 Pa.C.S. §§ 3801–17,[4] a broad amendment addressing driving under the influence of alcohol or drugs. It includes 75 Pa.C.S. § 3804 (DUI penalties provision). The new DUI penalties provision essentially provides for no license suspension for first-time, ungraded misdemeanor convictions for driving under the influence of alcohol.[5]

In 2006, the Department of Transportation, Bureau of Driver Licensing (Department), issued Licensee a notice of a one-year suspension based on the Maryland DUI, as authorized by Article IV(a)(2) of the Compact, 75 Pa.C.S. § 1581. Licensee filed a timely statutory appeal to the trial court.

The trial court sustained the appeal, relying on the Supreme Court's decision in *Petrovick v. Dep't of Transp., Bureau of Driver Licensing*, 559 Pa. 614, 741 A.2d 1264 (1999). In that case, our Supreme Court determined an out-of-state DUI provision which punished impairment "to any extent" was not substantially similar to Pennsylvania's applicable DUI provision at

---

1. Licensee represented to the trial court that he failed to provide the Maryland authorities the required documentation showing he completed his community service. As a result, his Maryland ARD was revoked, and he was convicted in 2006. *See* Trial Ct.'s Op. at 2, n. 1.

2. Added by the Act of December 21, 1998, P.L. 1126, effective immediately.

3. The Compact is set forth in its entirety in 75 Pa.C.S. § 1581.

4. Added by the Act of September 30, 2003, P.L. 120. Chapter 38 became effective February 1, 2004.

5. 75 Pa.C.S. § 3804(e) provides in relevant part (with emphasis added):

 **(e) Suspension of operating privileges upon conviction.**—(1) The department shall suspend the operating privilege of an individual under paragraph (2) upon receiving a certified record of the individual's conviction of or an adjudication of delinquency for:

 (i) an offense under section 3802; or

 (ii) an offense which is substantially similar to an offense enumerated in section 3802 reported to the department under Article III of the compact in section 1581 (relating to Driver's License Compact).

 (2) Suspension under paragraph (1) shall be in accordance with the following:

 (i) Except as provided for in subparagraph (iii), 12 months for an ungraded misdemeanor or misdemeanor of the second degree under this chapter.

 (ii) 18 months for a misdemeanor of the first degree under this chapter.

 *(iii) There shall be no suspension for an ungraded misdemeanor under section 3802(a) where the person is subject to the penalties provided in subsection (a) and the person has no prior offense.*

the time, former 75 Pa.C.S. § 3731, which prohibited driving under the influence of alcohol or intoxicating drugs to a degree which renders the driver incapable of safe driving. Thus, the *Petrovick* Court held a conviction under the out-of-state provision could not form the basis of a reciprocal suspension under the then-existing Compact. In addition, the *Petrovick* Court refused to apply the substantial similarity provision, cited above, to three *convictions* which occurred *prior* to the 1998 effective date of the provision.

The Department appealed. In its opinion in response to the appeal, the trial court followed the finest tradition of judicial candor and stated:

> This Court rendered its decision in this matter at the conclusion of the hearing, relying on *Petrovick*. Neither counsel brought to the Court's attention at the time, the Pennsylvania Supreme Court's decision in [*Wroblewski*], which held that the legislature's amendment of [the substantial similarity provision], " . . . supplants the *Petrovick* analysis and applies to any *convictions* after the effective date of that provision." [*Wroblewski*, 570 Pa. at 255, 809 A.2d at 251].
>
> In short, had this Court been made aware of [*Wroblewski*] at the time of the hearing, it would have followed that decision and denied [Licensee's] appeal. After conducting a thorough search of the controlling case law, this Court is constrained to conclude that it erred in granting the appeal. Accordingly, under the current state of the law, this Court's decision should be reversed.

Trial Ct.'s Op. at 3–4 (emphasis added).

■ Before this Court,[6] the Department cites the substantial similarity provision

and *Wroblewski*, arguing Maryland's DUI provision must be considered "substantially similar" for purposes of a reciprocal license suspension under the Compact. The Department also contends it properly imposed a one-year suspension in accord with the Vehicle Code as it existed prior to February 1, 2004, because Licensee's conduct occurred in 1996, prior to the effective date of Pennsylvania's current DUI penalties provision.

### I. Substantially Similar

Focusing on the date of *conviction*, the Department contends it properly suspended Licensee's driving privilege. It relies on *Wroblewski* and the substantial similarity provision for the urged conclusion that the Maryland DUI provision punishes conduct substantially similar to that proscribed by Pennsylvania DUI statutes; therefore, reciprocal license suspension is appropriate under the Compact.

Focusing on the date of *conduct*, Licensee argues he committed the Maryland DUI offense in 1996, prior to the 1998 effective date of the substantial similarity provision. Licensee accordingly asserts the substantial similarity provision does not apply to him. Licensee seeks to distinguish *Wroblewski* and all other cases relied upon by the Department because the punished conduct either occurred after the effective date of the substantial similarity provision or occurred at an unknown time. Licensee contends the decision in *Petrovick* controls, compelling the conclusion that the Maryland DUI provision, which punishes a lesser degree of alcohol impairment, is not substantially similar to

---

**6.** In driver's license suspension appeals, our review is limited to determining whether the trial court's findings were supported by substantial evidence and whether it committed an error of law or abused its discretion.

*Felbaum v. Dep't of Transp., Bureau of Driver Licensing,* 860 A.2d 1168 (Pa.Cmwlth.2004), *appeal denied,* 583 Pa. 675, 876 A.2d 397 (2005).

Pennsylvania standards and therefore cannot support a reciprocal license suspension.

We begin by reviewing the applicable statutory provisions. Specifically, Article IV of the Compact, 75 Pa C.S. § 1581, relevantly provides, with emphasis added:

(a) *The licensing authority in the home state,* for the purposes of suspension, revocation or limitation of the license to operate a motor vehicle, *shall give the same effect to the conduct reported,* pursuant to Article III of this compact, *as it would if such conduct had occurred in the home state in the case of convictions for:*

. . . .

(2) driving a motor vehicle while under the influence of intoxicating liquor or a narcotic drug or under the influence of any other drug to a degree which renders the driver incapable of safely driving a motor vehicle....

Additionally, the substantial similarity provision provides:

The [D]epartment shall, for purposes of imposing a suspension or revocation under Article IV of the compact, treat *reports of convictions* received from party states that relate to driving, operating or being in actual physical control of a vehicle while impaired by or under the influence of alcohol, intoxicating liquor, drugs, narcotics, controlled substances or other impairing or intoxicating substance as being substantially similar to section 3731 (relating to driving under influence of alcohol or controlled substance). *The fact that the offense reported to the [D]epartment by a party state may require a different degree of impairment of a person's ability to operate, drive or control a vehicle than that required to support a conviction for a violation of section 3731 shall not be a basis for determining that the party state's offense is not substantially similar to section 3731 for purposes of Article IV of the compact.*

75 Pa.C.S. § 1586 (emphasis added). In *Wroblewski* the Supreme Court recognized that these provisions expanded the scope of out-of-state impaired driving offenses considered substantially similar for purposes of a reciprocal suspension under the Compact. In so doing, the Court stated:

Section 1586 directs that for purposes of Article IV, [the Department] shall treat reports of convictions from other states as being substantially similar to 75 Pa. C.S. § 3731, the statutory provision that contains Pennsylvania's provisions relative to impaired driving. *Section 1586 also rejects any distinction between the levels of impairment between the out-of-state offense and Pennsylvania's § 3731.*

Section 1586 clearly broadens the scope of offenses that Pennsylvania would consider to be "substantially similar" to the offenses delineated in Article IV(a)(2). *Under the terms of § 1586, an out-of-state conviction for any level of impaired driving is punishable in Pennsylvania.* In contrast, the Compact, as interpreted by *Petrovick,* required a level of impairment to a degree which rendered the operator "incapable of safely driving"; impairment which did not reach this level was not punishable.

Additionally, Article I(b)(1) [of the Compact] states that the policy of each party state is to "[p]romote compliance with the laws, ordinances and administrative rules and regulations relating to the operation of motor vehicles by their operators in each of the jurisdictions where such operators drive motor vehicles." We think it evident that in enacting § 1586, the legislature sought to promote this policy by sanctioning those Pennsylvania-licensed drivers who vio-

lated the impairment laws of other party states, even if those other states' offenses had lower thresholds of impairment than 75 Pa.C.S. § 3731. Thus, the fact that the New York offense permits conviction of a lower level of impairment than 75 Pa.C.S. § 3731 does not preclude Appellant's reciprocal license suspension.

570 Pa. at 255, 809 A.2d at 251 (emphasis added).

Here, Md.Code, Transp. § 21–902(b) provides:

Driving while under then influence of alcohol.—A person may not drive or attempt to drive any vehicle while under the influence of alcohol.

This provision, which addresses impairment to any extent, is equivalent to the provision which the Supreme Court in *Petrovick* determined would not support a reciprocal suspension. However, in view of the more recent decision in *Wroblewski*, we conclude that Md.Code, Transp. § 21–902(b) addresses conduct substantially similar to that punished in Pennsylvania at all times in question. Thus, the 2006 report of conviction supports a reciprocal license suspension.

 The Supreme Court in *Wroblewski* also determined that although *Petrovick* applied to convictions occurring prior to the effective date of the substantial similarity provision, "Section 1586 [the substantial similarity provision] ... supplants the *Petrovick* analysis and applies to *any convictions* after the effective date of that provision." 570 Pa. at

255, 809 A.2d at 255 (emphasis added). Consequently, the substantial similarity provision applies to *reports of convictions* received by the Department after the provision's 1998 effective date, regardless of the date of the offense.[7]

As a further note, in *Schrankel v. Department of Transportation, Bureau of Driver Licensing*, 562 Pa. 337, 755 A.2d 690 (2000), the Supreme Court held that a license suspension under the Compact did not constitute an improper retroactive application of the law. "[T]he triggering date for the suspension provision in the Compact, due to a DUI committed in another state, is the date of the conviction for such DUI and that any such suspension is not an improper retroactive law." *Id.* at 341, 755 A.2d at 692. A license suspension is a not a criminal penalty, but a civil penalty imposed as a result of a criminal conviction. *Id.* Because the "triggering date" for reciprocal suspensions under the Compact is the date of conviction, not the date of the offense, the substantial similarity provision, applies to any convictions occurring on or after its effective date, regardless of the date of the offense. *Schrankel*; *Wroblewski*.

In view of the foregoing, we agree with the trial court that *Wroblewski* controls here and Licensee's suspension must be reinstated.

## II. Applicable Suspension Provision

Focusing on the date of *conduct*, the Department asserts it properly imposed a

---

7. In opposition, Licensee cites *Woods v. Dep't of Transp., Bureau of Driver Licensing*, 873 A.2d 55 (Pa.Cmwlth.2005), *appeal denied*, 590 Pa. 664, 911 A.2d 938 (2006) and *Commonwealth v. Estman*, 591 Pa. 116, 915 A.2d 1191 (2007). *Woods* and *Estman* do not compel a different result. *Woods* is inapposite here because it did not involve the application of the substantial similarity provision which, by its

terms, applies to reports of convictions. Similarly, in *Estman* the Court addressed the retroactive application of a different statute. In its retroactivity analysis the Court observed that *Petrovick* held the substantial similarity provision cannot be applied retroactively to convictions imposed prior to the provision's effective date.

one-year suspension as it existed on the date of offense, before the 2003 amendment to the Vehicle Code which no longer requires license suspensions for first-time DUI offenders. The Department relies on recent decisions of this Court applying the general savings provisions of the 2003 amendment, Section 21(5)(i) of Act 2003–24,[8] which provides in pertinent part that the amendment shall not affect an offense committed before February 1, 2004, or any civil and administrative penalty assessed as a result of that offense.

Focusing on the date of *conviction,* Licensee counters his license should not be suspended because his 2006 Maryland conviction, a first offense, ungraded misdemeanor, occurred after the effective date of 75 Pa.C.S. §§ 3802–04, Pennsylvania's new DUI and DUI penalties provisions. *See* 75 Pa.C.S. § 3804(2)(e)(iii) (no suspension for first offense, ungraded misdemeanor under 75 Pa.C.S. § 3802(a)). Licensee also asserts that nothing in the savings provisions states that they apply to out-of-state convictions.

We repeatedly reject this precise argument. "This Court has consistently held that DUI offenses that are committed in Compact member states by Pennsylvania-licensed drivers prior to February 1, 2004, will lead to a one-year suspension pursuant to the savings provision in Section 21 of Act 2003–24, regardless of whether the conviction occurs prior or subsequent to February 1, 2004." *Schofield v. Dep't of Transp., Bureau of Driver Licensing,* 885 A.2d 1112, 1116 (Pa.Cmwlth.2005), *appeal denied,* 590 Pa. 680, 912 A.2d 1294 (2006). *See also Barnas v. Dep't of Transp., Bureau of Driver Licensing,* 874 A.2d 169 (Pa.Cmwlth.2005), *aff'd per curiam,* 588 Pa. 662, 906 A.2d 532 (2006) (in accord with Section 21(5)(ii) of Act 2003–24, because 75 Pa.C.S. § 3804(e)(2)(iii) does not specify it applies to offenses committed prior to February 1, 2004, the savings provision in Section 21(5)(i) is applicable to offenses committed prior to February 1, 2004). Both *Schofield* and *Barnas* involved suspensions based on out-of-state DUI convictions.

Nevertheless, Licensee, asserts the Department cannot "have it both ways" by using the date of conviction for a determination of substantial similarity of punishable conduct while using the date of the

---

8. Section 21 of Act 2003–24 provides in relevant part (with emphasis added):

The following shall apply:

\* \* \*

(2) The repeal of 18 Pa.C.S. § 7514 and 75 Pa.C.S. § 3731 shall not affect offenses committed prior to February 1, 2004, or civil and administrative penalties imposed as a result of those offenses.

(3) An individual sentenced under 18 Pa. C.S. § 7514 or 75 Pa.C.S. § 3731 shall be subject to administrative and civil sanctions in effect on January 31, 2004.

(4) An individual sentenced under 75 Pa. C.S. Ch. 38 shall be subject to administrative and civil sanctions under this act.

*(5) The following apply to offenses committed before February 1, 2004:*

*(i) Except as set forth in subparagraph.(ii) or (iii), this act shall not affect an offense committed before February 1, 2004, or any criminal, civil and administrative penalty assessed as a result of that offense.*

*(ii) Subparagraph (i) does not apply if a provision added or amended by this act specifies application to an offense committed before February 1, 2004, or to any criminal, civil or administrative penalty assessed as a result of that offense.*

(iii) Subparagraph (i) does not apply to the following provisions:

(A) The amendment of 42 Pa.C.S. § 7003(5) in section 3 of this act.

(B) The amendment of 75 Pa.C.S. § 1516(c) and (d).

(C) The amendment of 75 Pa.C.S. § 1534(b).

(D) The amendment of 75 Pa.C.S. § 1547(d) in section 9.1 of this act.

(E) The amendment of 75 Pa.C.S. § 3731(a)(4)(i) and (a.1)(1)(i) in section 13 of this act.

offense for a determination of the penalty. Licensee relies on the trial court's invitation for appellate courts to revisit decisions in this area. Based on the statutory language at issue, however, we reject this argument.

As discussed above, "the triggering date" for a reciprocal license suspension for an out-of-state driving offense is the date of the conviction, not the date of the offense. *Schrankel.* This is consistent with the language of the substantial similarity provision which focuses on reports of convictions.

However, the general savings clause in Section 21(5)(i) of Act 2003–24 contains different language which centers on the date of offense. It provides that the new DUI provisions "shall not affect an *offense* committed before February 1, 2004, or any criminal, civil or administrative penalty assessed as a result of that *offense*." [9] (Emphasis added).

---

**9.** As noted above, Section 21(5)(ii) of Act 2003–24 provides an exception to the general savings provision for any of the new DUI provisions that specify application to an offense committed before February 1, 2004.

## III. Conclusion

In accord with our Supreme Court's decision in *Wroblewski,* we reverse the order of the trial court and reinstate the Department's one-year suspension of Licensee's driver's license.

### *ORDER*

AND NOW, this 1st day of October, 2007, the order of the Court of Common Pleas of Montgomery County is **REVERSED** and Appellant Department of Transportation's one-year suspension of Brian Steven Leuthe's driving privilege is **REINSTATED.**

---

However, none of those provisions indicate the new penalties for first-time offenders shall apply to DUI offenses committed before February 1, 2004. *Schofield; Barnas.*